UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVIT MKRTCHYAN,

                          Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                          Defendants.

21-CV-11232 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* (IFP) application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he has received money from self-employment, but he does not state the amount he has received or what he expects to receive in the future. He also states that his expenses total $1,700 and that he has $2,000 in the bank, but because he does not state how much he earned from being self-employed, the Court is unable to conclude that Plaintiff is unable to pay the filing fees.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-11232 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 11, 2022
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge