UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVIT MKRTCHYAN,

                Plaintiff,

-against-

CITY OF NEW YORK; JOHN DOE 1; JOHN DOE 2,

                Defendants.

21-CV-11232 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, asserting that Defendants violated his First Amendment right to sell his photographs at Rockefeller Center. He alleges that on December two John Doe New York City Police (NYPD) officers threatened him with arrest and issued him two desk appearances tickets, which were later dismissed. He names as defendants the two John Doe NYPD officers and the City of New York. By order dated February 14, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

      As set forth below, the Court directs (1) service on the City of New York and (2) the New York City Law Department to identify the John Doe NYPD officers.

## DISCUSSION

**A.**   **City of New York**

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    John Doe NYPD Officers**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the two John Doe officers who issued him criminal court appearance tickets on December 29, 2021. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the

identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for the City of New York, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package. An amended complaint form is attached.

SO ORDERED.

Dated:
    New York, New York

SO ORDERED:

_____ 2/16/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**DEFENDANT AND SERVICE ADDRESS**

City of New York
New York City Law Department
100 Church Street
New York, NY 10007


Copies transmitted this date to all counsel of record.  The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Davit Mkrtchyan
34-35 74th Street
Apt. 2B
Jackson Heights, NY 11372