UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Davit Mkrtchyan,

                       Plaintiff,

     - against -

City of New York, et al.,

                       Defendants.
------------------------------------------------------------X

21-cv-11232 (PAE) (RWL)

**SETTLEMENT CONFERENCE ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

     A settlement conference before Judge Robert W. Lehrburger is hereby scheduled for **December 6, 2023, at 2:30 p.m. to be conducted via Microsoft Teams. A link will be emailed to the parties one week, prior to the conference.** The parties are instructed to review and adhere to Judge Lehrburger's individual Settlement Conference Procedures. The parties are further instructed to submit their pre-conference submissions, along with their Attendance Acknowledgment Form (available in pdf fillable format as attachment to the Settlement Conference Procedures) no later than November 28, 2023, by 5:00 p.m. The Court respectfully requests the Clerk to mail this order along with the Settlement Instructions to Pro Se Plaintiff Davit Mkrtchyan, and note service on the docket.

                                      SO ORDERED.

                                      _____
                                      ROBERT W. LEHRBURGER
                                      UNITED STATES MAGISTRATE JUDGE

Dated: 10/10/2023
       New York, New York

Copies transmitted this date to all parties of record.

**Pro Se Plaintiff:**

**Davit Mkrtchyan**

**34-35 74th Street**

**Apt. 2 B**

**Jackson Heights, N.Y. 11372**

October 14, 2021

# SETTLEMENT CONFERENCE AND MEDIATION PROCEDURES
## MAGISTRATE JUDGE ROBERT W. LEHRBURGER

**Chambers**
500 Pearl Street, Room 1960
United States Courthouse
New York, NY  10007
Tel:  (212) 805-0248
Fax: (212) 805-7934
Lehrburger_NYSDChambers@nysd.uscourts.gov

**Courtroom**
500 Pearl Street, Room 18D
United States Courthouse
Southern District of New York
New York, New York  10007

The Court believes the parties should fully explore settlement at the earliest practical opportunity. Early settlement allows the parties to avoid the substantial cost, expenditure of time, and uncertainty that typically are part of the litigation process. Even for those cases that cannot be resolved, early consideration of settlement can provide the parties with a better understanding of the factual and legal nature of their dispute and streamline the issues to be litigated.

In most cases, the Court will require the parties to participate in a mediated settlement conference.  Even where a settlement conference has not been ordered by the Court, the parties may voluntarily request the Court to hold a mediation conference in an attempt to resolve or narrow the dispute.

Consideration of settlement is a serious matter that requires thorough preparation prior to a settlement conference. It also requires thoughtful consideration of the other side's point of view. Set forth below are the procedures the Court requires the parties and counsel to follow and the procedures the Court typically will employ in conducting settlement conferences.

1. **Confidentiality.** All settlement conferences are "off the record." All communications relating to settlement are strictly confidential and may not be used for any purpose other than settlement. They are not to be used in discovery and will not be admissible at trial.

2. **Magistrate Judge's Role.** The magistrate judge functions as a mediator, attempting to help the parties reach a settlement. Efficient use of this process requires that counsel and their clients be prepared for the conference, candid with the mediator, and genuinely committed to finding a resolution.

1

3.  **Pre-Conference Phone Call.**  At a date and time set by the Court, and not later than seven business days before the settlement conference, counsel for all parties must participate in a phone call with the Court to discuss the upcoming settlement conference.  Any matter that any party believes may impede settlement should be raised during this call, particularly information that could be but has not yet been provided by another party.

4.  **Exchange of Information.**  Each party should consider what key information they believe they need from any other party in order to effectively assess a potential settlement.  The parties should then cooperate in good faith to discuss the material to be exchanged and then effect the exchange sufficiently in advance of the settlement conference.  Also, if a defendant anticipates claiming insufficient assets from which to fund a settlement, that party should provide material to the plaintiff that will assist the plaintiff to evaluate and confirm the defendant's financial status.  This does not require a party to furnish any information they choose not to provide and are not otherwise obligated to produce, but providing such information is encouraged.

5.  **Pre-Conference Submissions.** No later than five business days before the conference, counsel for each party must send the Court (i) a pre-settlement conference letter, and (ii) a completed attendance certification form attached at the end of these procedures.  The letter and certification should be emailed to the Court in accordance with the Individual Practices of Judge Lehrburger.[1]  Parties proceeding **pro se** need not submit the certification, but must provide a pre-conference letter, which, if not emailed or hand delivered, may be mailed to Chambers at the address identified above and which should be mailed sufficiently in advance so that it arrives at the Court no later than five days before the conference.

    The letter should be marked "Confidential Material for Use Only at Settlement Conference" and should not be provided to opposing parties.  The reason the letter is not to be shared with other parties is to ensure that counsel is candid with the Court as to the strengths and weaknesses of their client's case and the nature and range of an acceptable settlement.

    The letter must not exceed 5 pages (single spaced), unless permission has been granted by the Court. The letter should include, at a minimum, the following: (a) a

---

[1] If a party cannot send the letter and certification by e-mail, the party may fax or hand-deliver them to the Court, or send them by overnight delivery, so long as they arrive no later than five business days before the conference.

2

concise statement of the issue(s) in dispute; (b) the history of settlement negotiations, including any prior offers or demands; (c) evaluation of the settlement value of the case and the rationale for it; (d) identification of the strengths and weaknesses of the case to the extent not already included; and (e) any other information that would be helpful to the Court in preparing for the conference.

If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 14 days prior to the conference. If it has not already done so, the opposing party shall respond to any demand no later than 7 days thereafter. The parties should not wait for the settlement conference to commence negotiations of a resolution of their dispute.

**6.     Attendance Requirements.** The parties - not just their attorneys - must attend the settlement conference in person. A party's attendance is essential to the settlement process. It is vital that parties hear the other side's presentation and have the opportunity to speak with the mediator outside the presence of any adversary.

***Business Entities, Labor Unions and Insurers.*** Business entities and labor unions must send the person with final, unlimited authority to settle. Where liability or costs-of-defense insurance is involved, a representative with final, unlimited authority for each carrier must attend in addition to the insured. This includes each excess carrier unless specifically excused by the Court at least one week before the conference. Because it is important that the decision-makers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed on them by another person with respect to his or her authority to settle. In short, business entities, labor unions and insurance companies (or any other party that is not a natural person) must send to the conference the person ultimately responsible for approving any settlement; that is, the person with final, unlimited authority to settle without having to obtain the approval of any other person.

***Government Agencies.*** Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency. Additionally, in cases where the Comptroller of the City of New York has authority over settlement, Corporation Counsel must make arrangements for a representative from the Comptroller to attend the conference in person. The representative from the Comptroller must have final, unlimited authority to settle without having to obtain the approval of any other person, unless any such other person is also available by telephone throughout the settlement conference.

*Telephone Participation.*  Participation by telephone is discouraged.  If, however, an individual otherwise required by these rules to appear in person resides more than 100 miles from the Courthouse and it would be a great hardship for that individual to attend in person, counsel may write to the Court seeking permission for that individual to participate by telephone (although permission will be the exception, not the rule).  This issue should be raised with the Court in writing as soon as possible.  Incarcerated parties may also participate in the conference by telephone.

*Interpreters.*  Any party requiring an interpreter must supply its own simultaneous interpreter (who need not have any special certification). The Court does not provide interpreters for settlement conferences.

7. **Consequences of Non-Compliance with Attendance Requirements.** If a party fails to comply with the Attendance requirements set out above, that party may be required to reimburse all the other parties for their time and travel expenses, and may face other sanctions.

8. **Conference Procedures.** Unless advised otherwise by the Court, the conference will take place in Courtroom 18D at 500 Pearl Street. At the outset of the conference, each party or their attorney may make brief opening remarks in the presence of the other parties addressing not merely the party's positions, but the party's interests as well. Opening remarks should not be treated as if they were a jury address.  The goal is to communicate, not grandstand.  In some cases, the Court may dispense with opening presentations if the parties and Court agree that they would not be useful.

    Following any opening remarks or discussion, the Court typically will spend the rest of the time meeting separately with each side. In these private meetings, the parties and their counsel should be prepared to discuss their position on, and ideas for, settlement; the reasons for their position; the strengths and weaknesses of their case; the amount of attorneys' fees and litigation expenses incurred to date; and an estimate of the remaining cost of litigating the case to judgment, including any appeal.

    The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to discover creative means for resolving the dispute.

9. **Adjournments of Settlement Conferences.** Requests for adjournment shall conform to the Individual Practices of Judge Lehrburger, with the following modification: requests submitted more than 14 days before the scheduled conference date ordinarily will be granted without a showing of good cause; requests submitted within 14 days of the date of the scheduled conference must

4

demonstrate good cause.  Ordinarily, good cause will be found where (a) an adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (b) a client who would otherwise be permitted to participate by telephone would be available to attend the conference in person were it held on another date.  All requests should provide alternative dates when all the parties are available. The conference date is not changed unless and until ordered by the Court.

10. **Settlement in Advance of Mediation.** If all parties advise the Court in writing that the case has settled prior to the scheduled conference, the Court ordinarily will adjourn the conference with no future designated date. In these circumstances, the parties should file a letter-motion on ECF requesting an adjournment of the settlement conference *sine die*.

11. **No Effect on other Deadlines.** The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

12. **FLSA Settlements.**  Parties may not settle a Fair Labor Standards Act ("FLSA") action with prejudice unless the settlement agreement receives approval by either the Court or the Department of Labor.  Accordingly, the Court will not approve an FLSA settlement without a sufficient explanation from counsel as to why the terms of the proposed settlement are fair and reasonable.  Such explanation may be provided immediately following a settlement conference that results in agreement between the parties.  Alternatively, the parties seeking judicial approval of an FLSA settlement shall submit a letter to the Court (1) explaining why the terms of the proposed settlement reflect a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights, and (2) presenting the Court with sufficient evidence to determine whether the settlement terms represent a fair and reasonable resolution of the dispute.

*   *   *

**ATTENDANCE ACKNOWLEDGMENT FORM
FOR APPEARANCE AT SETTLEMENT CONFERENCE
BEFORE MAGISTRATE JUDGE ROBERT W. LEHRBURGER**

**CASE NAME:**_____

**DOCKET #:** _____

I represent the: ☐ Plaintiff    ☐ Defendant    ☐ Other:_____

☐ I certify that I am attending a settlement conference at __:__ __.m. on _____, 20__, in Courtroom 18D, United States Courthouse, 500 Pearl Street, New York, NY.

My name and the name of any co-counsel who will attend the conference with me are:

_____
_____
_____

☐ I certify that my client is, or will be accompanied (in person, or by telephone if applicable) by, the person for my client with final, unlimited authority for approving any settlement; that is, the person with authority to settle without having to obtain the approval of any other person.

The name and title, if applicable, of the individuals from my client are:

_____
_____
_____

☐ I certify that I have obtained the Court's permission for the following individual(s) who live(s) more than 100 miles from New York City to participate in the conference by telephone:

_____
_____
_____

☐ I certify that I have read both the Court's order scheduling this conference and the Settlement Procedures for Magistrate Judge Lehrburger.

Dated:_____    _____    _____
                                  Attorney Signature                           Print Attorney's Name

6